UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT SCOTT INGRAM,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES KEYES and DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | 2:19-cv-00197-SAB<br><br>**ORDER DISMISSING ACTION**<br><br>**1915(g)** |

Before the Court is Plaintiff's First Amended Complaint. ECF No. 11. Plaintiff, a prisoner at the Washington State Penitentiary is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

Generally, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981). Furthermore, defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, Defendant State of Washington has been **TERMINATED** from this action and Defendant Department of Corrections has been added.

**ORDER DISMISSING ACTION -- 1**

It is well settled that states and state agencies are not susceptible to suit under Section 1983. *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989). "*Will* establishes that the State and the arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under section 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Here, the Department of Corrections is an "arm of the State." Therefore, the Department of Corrections is entitled to Eleventh Amendment immunity and does not qualify as a "person" under Section 1983. Accordingly, Plaintiff's Section 1983 claims for monetary damages against the Department of Corrections are subject to dismissal for failure to state a claim upon which relief may be granted.

Once again, a supervising state official may be liable under § 1983 only if he "knew of the violation[ ] and failed to prevent [it]," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or he established a custom or policy that led to the violation. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (noting a supervisor can only be held liable for his or her own culpable action or inaction). Here, Plaintiff has presented no facts from which the Court could infer that Defendant Keyes was aware of constitutional violations or that any alleged violations were caused by a custom or policy he established.

## DEPARTMENT OF CORRECTIONS POLICY

Plaintiff challenges a Department of Corrections policy which allegedly denies prisoners the right to apply for a social security card if they already have more than one social security number. ECF No. 11 at 4. Plaintiff asserts that several social security numbers, which he claims he has never seen, were added to his file, thus apparently preventing him from applying for a social security card. Plaintiff makes no assertion that he has only ever had one Social Security number. He does not specify whether he is seeking an original Social Security number or a replacement Social Security number card.

**ORDER DISMISSING ACTION -- 2**

Plaintiff speculates that upon his release from incarceration, he will be unable to obtain a job because he was not permitted to apply for a social security card; he will be denied food stamps; and he will be returned to "institutional life" with no means to support himself. He seeks $12,000 in monetary damages.

Plaintiff makes no allegation that his release is conditioned upon his possession of a Social Security number card. He presents no facts from which the Court could infer that his post-release employment is conditioned on his presentation of a Social Security number card or that his Community Corrections Officer will be unable to assist him in obtaining employment or access to community resources. Plaintiff is free to seek an interview with a Social Security Administration office to cure any irregularities concerning multiple numbers upon his release.

As presented, the allegations in the First Amended Complaint are insufficient to state a plausible claim for relief against the named Defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, **IT IS ORDERED** this action is **DISMISSED** with prejudice for failure to state a claim against identified Defendants upon which relief may be granted. 28 U.S. C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at this last known address, and close the

**ORDER DISMISSING ACTION -- 3**

file. The Clerk of Court is directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 17th day of January 2020.



Stanley A. Bastian
United States District Judge